**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Calvin SMITH, Defendant-
Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carl Edward SMITH, Defendant-
Appellant.**

**Nos. 15359, 15360.**

United States Court of Appeals
Sixth Circuit.

March 16, 1964.

William E. Badgett, Knoxville, Tenn.,
for appellants.

David E. Smith, Asst. U. S. Atty.,
Knoxville, Tenn., for appellee, John H.
Reddy, U. S. Atty., Chattanooga, Tenn.,
on the brief.

Before MILLER, Circuit Judge, and
WEINMAN and KAESS, District Judges.

PER CURIAM.

The appellants, John Calvin Smith and
Carl Edward Smith, were arrested in
June or July of 1962. They were charged
with the possession of counterfeit notes
in the Eastern District of Tennessee, and
with conspiracy in the Middle District.
Some time during the summer of 1962
the appellants retained counsel. The record
is not clear as to whether the appellants
were arraigned on a complaint and
warrant or as to what happened to them
between the time of their arrest and
December 3, 1962, when they were arraigned
on an indictment in the Eastern
District of Tennessee. The first count
of the indictment charged the appellants
and one Andy Sprinkle with falsely making
and counterfeiting Federal Reserve
Notes. The second charged the appellants
with possession of counterfeit notes
on March 28, 1962. The third charged
John Calvin Smith alone with possession
of counterfeit notes on June 2, 1963. The
indictment was returned on November
20, 1962; a copy of the indictment was
not furnished counsel for the appellants,
however, until December 3, 1962. The
District Judge then set the matter for
trial on December 17, 1962, over the appellants'
objection that the matter was
complicated and required considerable investigation
and that the appellants' counsel
was not given sufficient time in which
to prepare his case.

Since the appellants employed
counsel during the summer of 1962,
some four or five months were permitted
for investigation, and although the language
of the indictment might have altered
the form of the investigation, we
doubt if it was in fact altered to such a
degree that the defense was materially
affected. It may be noted that counsel
has never pointed out specifically how
the defense was affected. The case of
McBee v. Bomar, 6 Cir., 296 F.2d 235,
may be distinguished on its facts. Nothing
contained in the appellants' argument
substantiates the charge that the District
Judge abused his discretion.

The appellants also challenge the
propriety of the Government's tender of
a witness in the presence of the jury, for
examination by the court or cross-examination
by the appellants. The name of
the witness had been referred to frequently
during the trial. The appellants
claim that this was a most unusual procedure
and was prejudicial. No statement
was made by the Government to
suggest that the witness would corroborate
the other witnesses that had been
called. Perhaps counsel for the appellants
was placed in a dilemma; however,
the procedure was proper. It is discussed
in Litsinger v. United States, 7 Cir., 44
F.2d 45, 47:

"The rule which permits the trial
court to call and examine a witness
at the request of the government's
attorney is quite a reasonable one
and is well recognized. If judiciously
exercised it is productive of no
harm; and many times, by extending
to attorneys the right to cross-examine
and to impeach on material
matters, it prevents a failure of justice."

See also United States v. Marzano, 2
Cir., 149 F.2d 923.

In a later case, United States v. Lutwak,
7 Cir., 195 F.2d 748, aff'd, 344 U.
S. 604, 73 S.Ct. 481, 97 L.Ed. 593, the
procedure was again approved. The
court commented on it as follows:

"Indeed, it is generally recognized
that where there is a witness to a
crime for whose veracity and in-

tegrity the prosecuting attorney is not willing to vouch, he is not compelled to call the witness, but that the court, *in its discretion,* may do so and allow cross-examination *by both sides* within proper bounds." (Emphasis supplied.) Id. 195 F.2d at 754, 755.

■ Far from being error, it may well be the duty of the Government's attorney to make available one who might be a material witness, yet one for whom he does not desire to vouch. Whatever prejudice there may have been was occasioned by the appellants' counsel himself through references to the witness as a convict and a swindler. The District Judge properly instructed the jury to disregard counsel's references to the witness, which were not supported by the evidence.

■■ Error is claimed with respect to a ruling in which the Government was permitted to use portions of a statement made by Andy Sprinkle, who appeared as a Government witness, on redirect examination after counsel for appellants had used other portions for impeachment. Since the Government went no further and the matter was dropped, it is clear there could not have been any prejudice. The District Judge instructed the jury that any portion of the statement to which reference was made could be considered only for whatever bearing it might have on the credibility of the witness. The Judge was entirely correct in his ruling and his instructions to the jury. There is a well-worn phrase "opening the door" which suggests the reason for his ruling. See United States v. Corrigan, 2 Cir., 168 F.2d 641, 645. Generally, when the testimony of a witness has been impeached by evidence of his prior inconsistent statements, his testimony may not be confirmed by proof of his prior consistent statements. Nevertheless, if some portions of a statement made by a witness are used on cross-examination to impeach him, other portions that are relevant to the subject matter about which he was cross-ex-

amined may be used to meet the force of the impeachment. Affronti v. United States, 8 Cir., 145 F.2d 3.

We have examined carefully the remaining questions raised by the appellants. We are fully satisfied there was no error. In this appeal, which is an appeal of the shotgun type, ten questions are raised, but case law is cited to support the appellants' position on only three. Although many of the matters raised go to the court's discretion, we should have liked some assistance, even though the assistance were only cases cited by way of analogy.

The judgment of the District Court is affirmed.